## UNITED METAL BOX CO., Inc., v. COLE ELECTRIC PRODUCTS CO., Inc.
### No. 5080.

District Court, E. D. New York.
Jan. 26, 1931.

C. P. Goepel, of New York City, for plaintiff.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a patent suit in which the defendant is charged with having infringed letters patent No. 1,756,945 issued to S. Hammer May 6, 1930, on an application filed January 13, 1925 for a metal receptacle.

Only claims 11 and 12 are in issue. Invalidity and noninfringement are the defenses.

The metal receptacle designed by the inventor is intended to be used in apartment houses, hotels, and large buildings for the purpose of receiving the mail of the tenants thereof. The device consists of two groups of compartments, which roughly may be referred to as the upper and lower compartments. Each compartment has an individual door. Mail is deposited in the upper compartment and is taken out through the lower compartment. The inventor says:

"It is one of the prominent features of my present disclosure to provide for the upper portions of the mail compartments, individual doors, preferably corresponding in size and shape to the lower tenants' doors. I provide these upper doors with means whereby they may be readily fixed at one of their ends in spaced relation to each other, to a common counter-balancing bar which extends across the several mail compartments through openings in the dividing walls or partitions between said compartments. This bar limits the unitary downward swinging movement of the doors to an open horizontal position, said doors being pivotally mounted upon a common hinge rod fixed at its ends in the side walls of the receptacle."

Claim 11 resolved into its constituent elements defines a mail box having:

1. Spaced vertical partitions providing a plurality of compartments open at one side of the box.

2. Closure means (i. e., the doors) for the open sides of the apartments hingedly mounted adjacent to the lower end thereof upon the partitions.

3. Each of the partitions adjacent to the open sides of the compartments and near the hinge axis of the doors having a horizontally disposed stop.

4. Means carried by the doors and positioned below the hinge axis of the doors adapted to engage the horizontal stops to limit the opening movement of the doors to a horizontal position.

Plaintiff relies on Exhibit 2, a specimen of defendant's box, to prove infringement.

This mail box certainly shows spaced vertical partitions which provide a plurality of compartments open at one side of the box, also closure means for the open sides of the compartments. Each door is hingedly mounted at the lower end of the partitions.

It is with the remaining elements of the claim that the plaintiff encounters difficulty in proving infringement. The claim states:

"Each of said partitions adjacent to the open sides of the compartments and near the hinge axis of the closure means having a horizontally disposed stop."

Upon reference to the specification and drawings we find the specification states:

"Inwardly of the reinforcing strips 31[1], each partition plate 15 is provided with an opening 33 preferably of square or rectangular shape, the front edge of said opening being flush with the rear edge of the reinforcing strip 31 and said edges constituting a stop against which the connecting bar 29 is adapted to engage."

At the trial the plaintiff's witness and defendant's witness disagreed as to the meaning of "said edges" in the foregoing paragraph. I can give it, however, but one meaning, and that is that the stop against which the connecting bar is adapted to engage consists of the front edge of the opening which is flush with the rear edge of the enforcing strip. This must mean that the rear edge of the reinforcing strip constitutes the stop against which the connecting bar is intended to abut in limiting the downward movement of the doors. I cannot agree, therefore, with plaintiff's expert Schwartz in reading "said edges" upon the horizontal edge of the opening 33.

The means, therefore, described in the claim as "having a horizontally disposed stop" are not supported by the specification, for the stop therein described is vertically disposed.

Now defendant's device shows the downward or open position of the door to be limited not by the horizontally disposed edge of the cut-out portion, but by the rearward or vertical portion of such cut-out notch in the partition or flange.

Moreover, the claim speaks of "means carried by said closure means positioned below the hinge axis thereof adapted to engage

said horizontal stops to limit the opening movement of the closure means to a substantially horizontal position." That element of the claim must be the bar 29 of the specification, for that bar is the only means engaging the stops to limit the open door to a horizontal position. The defendant's device does not carry any such means or equivalent means below the hinged axis of the door.

■ Accordingly, I find that the defendant's device does not infringe claim 11.

In scope claim 12 is not measurably different from claim 11, and the defendant escapes infringement for the same reasons set forth in the comparison of its device with claim 11.

■ It may be noted also that claims 11 and 12, even if valid, should be limited to a strict construction. Doubtful or ambiguous specifications can be aided and made plain by drawings, Gunn et al. v. Savage (C. C.) 30 F. 366; Windle v. Parks & Woolson Machine Co. (C. C. A.) 134 F. 381; but it is quite a different proposition to assert that what is clear in the specification is to be explained away by the drawing. The history of the application itself compels a narrow construction of the claims. Though the application was filed January 13, 1925, the claims in suit were inserted only on January 14, 1930. In the argument in support of the two claims the applicant wrote:

"The Examiner will note that these claims are quite limited and are drawn to the same subject matter as allowed claim 18. The proposed claims are each limited to the means carried by the door or closure and which co-operates with the stop means on the partitions, being located below the hinge axis of the closure means."

■ It is clear that when claims have been allowed in view of arguments as to certain limiting features of the claim, those claims must be construed on the basis of such restrictions. Grever v. U. S. Hoffman Co. (C. C. A.) 202 F. 923.

In view of the finding of noninfringement, it becomes unnecessary to consider the question of invalidity as urged by the defendant arising out of the alleged failure of the inventor to comply with Revised Statutes sections 4888 or 4892 (35 USCA §§ 33, 35).

Defendant may have a decree dismissing the bill.

Settle decree on notice.

[1] The strips referred to reinforce the partition plates.